**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10197 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00018-FMTG-1 |
| v. | |
| ERNESTO PAGLICAWAN VERDERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted June 14, 2011[**]
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ernesto Paglicawan Verdera appeals his conviction under 31 U.S.C. § 5332(a)(1), for bulk cash smuggling out of the United States.[1]  The district court denied his motion for a judgment of acquittal, because there was sufficient evidence from which a rational juror could find beyond a reasonable doubt that Verdera knew of § 5316(a)(1)(A)'s currency reporting requirement.  *See* Fed. R. Crim. P. 29; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Reviewing de novo, *United States v. Neill*, 166 F.3d 943, 948 (9th Cir. 1999), we affirm.

The government introduced ample evidence from which the jury could have inferred that Verdera knew of the currency reporting requirement.  A juror could have reasonably inferred that Verdera saw and read the sign explaining the reporting requirement, which was posted in plain view on the Philippine Airlines check-in counter.  *See United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201-02 (9th Cir. 2000) ("[A]ll reasonable inferences are to be drawn in favor of the government . . . .").  It would also have been reasonable to infer that Verdera saw other similar signs that were typically posted throughout the airport.  The government presented evidence that Verdera attempted to transport $810,631 in five pieces of luggage, despite the coverage provided by the airline's insurance

_____

[1] Verdera's notice of appeal provides that he also wishes to appeal his sentence and the forfeiture order entered against him.  However, he did not raise any arguments specifically concerning these issues in his Rule 29 motion before the district court or in his briefs to this court.  Accordingly, the issues are deemed waived.  *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

policy maxing out at $5,000 per parcel. Evidence also showed that wiring such a large sum through a bank would have generated a suspicious activity report. The jury could have reasonably inferred that Verdera took such a substantial risk in order to conceal his transportation of the money. Finally, a juror could reasonably infer, from Verdera's five prior travels into and out of Guam and the fact that the currency found in his luggage had been wrapped and concealed in false compartments, that Verdera was an experienced international traveler, familiar with the currency reporting requirement, but intending to evade it. *See id.* This evidence was sufficient for a jury to find beyond a reasonable doubt that Verdera knew of the currency reporting requirement when he failed to report the transportation of more than $10,000 in U.S. currency out of the country in violation of 31 U.S.C. § 5332(a)(1).

**AFFIRMED.**